# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE FLOYD STANKEWITZ,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>A. SCRIBNER,<br><br>　　　　　　Respondent.<br>　　　　　　　　　　　　　　　　　／ | CV F   06-0275 OWW DLB HC<br><br>ORDER TO SHOW CAUSE REGARDING EXHAUSTION OF STATE COURT REMEDIES<br><br>[Doc. 1] |

　　　Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

　　　Petitioner filed the instant petition for writ of habeas corpus on March 13, 2006. Petitioner raises seven claims for relief. Petitioner indicates that Grounds Two, Three, Four, Five, and Six were not exhausted due to ineffective assistance of his appellate counsel. Thus, it is unclear if all of the claims raised in the petition were exhausted.

　　　A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

　　　A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.

1

1  Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,
2  829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair
3  opportunity to hear a claim if the petitioner has presented the highest state court with the claim's
4  factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal
5  basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).
6  Additionally, the petitioner must have specifically told the state court that he was raising a
7  federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133
8  F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court
9  violated his due process rights "he must say so, not only in federal court but in state court."
10 Duncan, 513 U.S. at 366, 115 S.Ct. at 888.

11       To the extent Petitioner is attempting to argue that he is excused from exhausting the
12 claims because appellate counsel failed to raise them on direct appeal, he is mistaken.  Petitioner
13 himself must then exhaust the claims in the state court before presenting them in this Court
14 pursuant to a petition filed under 28 U.S.C. § 2254.  Because it is unclear what, if any, claims
15 presented in the instant federal petition for writ of habeas corpus were exhausted in the state's
16 highest court, Petitioner will be ordered to show cause regarding exhaustion.  If possible,
17 Petitioner should present to the Court documentary evidence that the claims were indeed
18 presented to the California Supreme Court.[1]

19       Accordingly, it is HEREBY ORDERED that:

20  1.   Within thirty (30) days from the date of service of this order, Petitioner shall show
21       cause as to what claims, if any, were presented to the state's highest court.
22  2.   Failure to comply with this order may result in the action be dismissed for failure
23       to comply with a court order.  Local Rule 11-110.

24  IT IS SO ORDERED.

25      Dated:   **May 2, 2006**                    **/s/ Dennis L. Beck**
    3b142a                                    UNITED STATES MAGISTRATE JUDGE
26

---

27       [1]A copy of the California Supreme Court's denial alone is insufficient to demonstrate exhaustion.  The
28  proper documentation to provide would be a copy of the Petition *filed* in the California Supreme Court that includes
    the claim now presented and a file stamp showing that it was indeed filed in that Court.

2