# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THEODORE FLOYD STANKEWITZ, | ) | CV F 06-0275 OWW DLB HC |
| Petitioner, | ) | ORDER TO SHOW CAUSE REGARDING PETITIONER'S REQUEST TO STAY CASE PENDING EXHAUSTION OF STATE COURT REMEDIES |
| v. | ) | |
| A. SCRIBNER, | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on March 13, 2006. On May 3, 2006, the Court issued an order to show cause why the petition should not be dismissed for failure to exhaust the state court remedies. (Court Doc. 4.) Petitioner filed a response on May 18, 2006. (Court Doc. 5.) On May 24, 2006, the undersigned issued Findings and Recommendations recommending that the instant petition be dismissed, without prejudice, as a "mixed" petition containing both exhausted and unexhausted claims. (Court Doc. 6.)[1] On June 6, 2006, Petitioner filed objections to the Findings and Recommendations. (Court Doc. 7.) In his objections, Petitioner requests that the Court stay the petition pending exhaustion of the unexhausted claims in state court. (Court Doc. 7, Objections, at 1.)

---

[1] Petitioner was advised that he could move to withdraw the unexhausted claims in lieu of dismissal of the entire action. (Court Doc. 6, F&R, at 3.)

1

In <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S.Ct. 1528 (2005), the Supreme Court held that a district court has discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims to the state court in the first instance and then to return to federal court for review of his perfected petition.  Nevertheless, stay and abeyance is available only in limited circumstances, because the procedure frustrates AEDPA's[2] objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings and undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. <u>Id</u>. at 1535.  The Supreme Court held that a stay and abeyance is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." <u>Id</u>.

Petitioner has not demonstrated "good cause" as to why the unexhausted claims were not raised in the state court prior to filing the instant petition.  Accordingly, it is HEREBY ORDERED that within thirty (30) days of the date of service of this order Petitioner shall show cause why the unexhausted claims were not exhausted prior to presenting them to this Court.

IT IS SO ORDERED.

Dated:     July 22, 2006               /s/ Dennis L. Beck
3b142a                          UNITED STATES MAGISTRATE JUDGE

---

[2]AEDPA refers to the Antiterrorism and Effective Death Penalty Act of 1996.