# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE FLOYD STANKEWITZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>A. SCRIBNER,<br><br>　　　　　Respondent. | CV F   06-0275 OWW DLB HC<br><br>ORDER GRANTING PETITIONER'S REQUEST TO STAY PETITION PENDING EXHAUSTION IN STATE COURT<br><br>[Docs. 7, 8] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition on March 13, 2006. On May 3, 2006, the Court issued an order to show cause regarding exhaustion of the state court remedies. (Court Doc. 4.) Petitioner filed a response on May 18, 2006. (Court Doc. 5.) On May 24, 2006, the undersigned issued Findings and Recommendations recommending that the petition being dismissed as containing both exhausted and unexhausted claims. (Court Doc. 6.) On June 6, 2006, Petitioner filed objections to the Findings and Recommendations. (Court Doc. 7.) In his objections, Petitioner requested that the instant petition be held in abeyance while he exhausted the unexhausted claims in state court. (Id.) On July 24, 2006, the Court issued an order to show cause why the stay should be granted. (Court Doc. 8.) Petitioner filed a response on August 28, 2006. (Court Doc. 9.)

Pursuant to Rhines v. Weber, 544 U.S. 269 (2005), the Court finds that Petitioner has demonstrated good cause, that the unexhausted claims are not plainly meritless, and that Petitioner has not engaged in intentionally dilatory litigation tactics. Accordingly, the motion for

stay will be granted.

However, the Court will not indefinitely hold the petition in abeyance. <u>Rhines</u>, 544 U.S. at 277-278. Petitioner must inform the Court no later than thirty (30) days after the date of service of this order the cases that have been filed in state court, the date any cases were filed, and any outcomes.[1] Further, Petitioner must proceed diligently to pursue his state court remedies and must file a new status report every ninety (90) days thereafter as to the status of the state court proceedings. Following final action by the state courts, Petitioner will be allowed thirty (30) days to file a motion for leave to vacate the Findings and Recommendations based on the newly exhausted claims.[2] Failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order. <u>Rhines</u>, 544 U.S. at 278.

Accordingly, it is HEREBY ORDERED that:

1. Petitioner's motion to stay the petition and hold it in abeyance is GRANTED;
2. The instant petition is STAYED pending exhaustion of Petitioner's state remedies;
3. Petitioner is DIRECTED to file a status report within thirty (30) days of the date of service of this order;
4. Petitioner is DIRECTED to file a new status report every ninety (90) days after filing his initial status report; and
5. Petitioner is GRANTED thirty (30) days time following the final order of the state courts in which to advise this Court of the finality of the state proceedings.

IT IS SO ORDERED.

Dated:   October 6, 2006                           /s/ Dennis L. Beck

---

[1] The filing should be titled: "Status Report."

[2] Since the instant petition is "mixed," the Court is not requiring Petitioner to withdraw the unexhausted claims, prior to granting the stay. The Ninth Circuit Court of Appeals has suggested, without specifically deciding, that <u>Rhines</u> can arguably be read to authorize a stay as an alternative to the dismissal requirement under <u>Rose v. Lundy</u>, 455 U.S. 509 (1982). <u>See</u> <u>Jackson v. Roe</u>, 425 F.3d 654, 657-61 (9th Cir. 2005). In this instance, as the difference in procedure appears more technical than substantive, the Court will grant the stay without requiring the unexhausted claim be dismissed without prejudice to re-filing after exhaustion.

1 | 3b142a                        UNITED STATES MAGISTRATE JUDGE