# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE FLOYD STANKEWITZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>A. SCRIBNER,<br><br>　　　　　Respondent.<br>_____/ | CV F   06-0275 OWW DLB HC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AND DIRECTING PETITIONER TO FILE FURTHER STATUS REPORT WITHIN NINETY DAYS FROM THE DATE OF SERVICE OF THIS ORDER |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　On October 10, 2006, the Court granted Petitioner's request for a stay pending exhaustion in state court. Pursuant to that order, Petitioner was directed to file a status report every ninety days. Petitioner filed status reports on November 15, 2006, February 20, 2007, February 23, 2007, and February 28, 2007. However, Petitioner failed to file a status report thereafter. Thus, on June 13, 2007, the Court issued an order to show why the stay should not be vacated. Petitioner filed a response on July 2, 2007.

　　　　In his response, Petitioner states that on May 17, 2007, he attempted to mail a status report; however, it was misplaced by prison officials. Petitioner states that he has completed the petition to be filed in the California Court of Appeal, and is awaiting copying and mailing. Petitioner further states that he endured difficult obtaining access to the law library and requests that the Court issue an order directing the prison librarian to provide him with a reasonable

opportunity to use the law library. Petitioner is, in essence, requesting injunctive relief.

A prisoner alleging an access to the courts violation must demonstrate that he has suffered or will imminently suffer actual injury. Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 2179 (1996). "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." Id. at 2180. The inmate must show that the library "hindered his efforts to pursue a legal claim." Id. To satisfy the actual-injury requirement, an inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Id. at 2181. Furthermore, "the injury requirement is not satisfied by just any type of frustrated legal claim," but rather, the legal claim which was allegedly interfered with must involve either an inmate's attempt to attack his sentence or an action to challenge the conditions of his confinement. Id. at 2181-82. The Ninth Circuit has interpreted this to mean that the right extends only through the pleading stage, and is not a right to successfully litigate the matter through resolution. See Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995).

Petitioner has failed to demonstrate that he suffers actual injury as a result the lockdown. Although petitioner contends that he requires time in the library, such a generalized allegation fails to demonstrate imminent or actual injury, as required by Lewis v. Casey. The Court is granting Petitioner sufficient time to exhaust his claims in state court. Because Petitioner has not made an adequate showing that he is imminent danger of suffering irreparable injury, Petitioner cannot prevail on his motion for temporary restraining order.

Further, a petition for writ of habeas corpus concerns whether petitioner's conviction and confinement violate the Constitution. 28 U.S.C. § 2254 (a). Challenges to prison conditions are properly brought under 42 U.S.C. § 1983. McCarthy v. Bronson, 500 U.S. 136, 141-42, 111 S.Ct. 1737, 1741-42 (1991); Preiser v. Rodriguez, 411 U.S. 475, 499, 93 S.Ct. 1827, 1841 (1973); Advisory Committee Notes to Rule1 of the Rules Governing Section 2254 Cases. As discussed above, petitioner's contention is that one of respondent's subordinates is restraining many prisoners' access to the courts. This appears to concern a condition of various prisoners' confinement and is not proper in a habeas corpus petition.

Accordingly, it is HEREBY ORDERED that:

1. The order to show cause issued June 13, 2007, is DISCHARGED;
2. Petitioner's request for an order directing the prison librarian to provide him access to the law library is DENIED;
3. Petitioner shall file a further status report within ninety (90) days from the date of service of this order; and
4. All other provisions of the Court's October 10, 2006, order granting a stay remain in full force and effect.

IT IS SO ORDERED.

Dated: **July 21, 2007**         /s/ **Dennis L. Beck**
                         UNITED STATES MAGISTRATE JUDGE